Anna CORCINO, Plaintiff,

v.

BANCO POPULAR DE PUERTO
RICO, Defendant.

No. Civ.1997–83.

District Court, Virgin Islands,
D. St. Thomas.

April 25, 2002.

Archie Jennings, St. Thomas, U.S.V.I.,
for the plaintiff.

Bennett Chan, St. Thomas, U.S.V.I., for
the defendant.

## MEMORANDUM

MOORE, District Judge.

Defendant Banco Popular de Puerto
Rico ["Banco Popular" or "defendant"]
moves for summary judgment, which
plaintiff Anna Corcino ["Corcino" or
"plaintiff"] opposes. For the reasons set
forth below, I will grant defendant's mo-
tion.

### I. FACTUAL BACKGROUND

Corcino was an employee of CoreStates
First Pennsylvania Bank ["CoreStates"],
and later of Banco Popular when it pur-
chased CoreStates on October 1, 1993, un-
til her termination on March 16, 1994.
During her employment with both banks,
Corcino continually received warnings and
reprimands for excessive tardiness and ab-
senteeism. According to plaintiff, her tar-
diness and absences stemmed from her
battles with, *inter alia*, cervical cancer,
Ascherman's Syndrome,[1] and depression.

---

1. Ascherman's Syndrome is the scarring of
   the uterine lining. It may occur as a result of

After a series of absences between October and December of 1993, Banco Popular warned Corcino that such continued absences were grounds for dismissal. On March 9, 1994, Corcino began to feel weak and dizzy and had pain in her head and neck. Her doctor diagnosed her with pharyngitis, an acute inflammation of the pharynx, and advised her to stay home from work until March 15th, which she did, and gave her an antibiotic, ampicillin, to treat the inflammation. On March 16, 1994, Banco Popular terminated Corcino's employment, citing her most recent absence.

On March 15, 1996, Corcino filed a four-count complaint in the Territorial Court, alleging breach of contract, specific performance, a violation of the Virgin islands Wrongful Discharge Act, and intentional infliction of emotional distress. On August 29, 1996, she moved to amend her complaint to add an allegation of a violation of the Family and Medical Leave Act ("FMLA" or "Act"), 29 U.S.C. § 2601. Subsequently, Banco Popular removed this matter to this Court on September 25, 1996. This Court has jurisdiction of the federal question pursuant to section 22(a) of the Revised Organic Act of 1954[2] and 28 U.S.C. § 1331 and of the territorial claims under 28 U.S.C. § 1367.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Sharpe v. West Indian Co.*, 118 F.Supp.2d 646, 648 (D.Vi. 2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the nonmovant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.Virgin Islands 1999), *aff'd in part and rev'd in part*, 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

### B. Family and Medical Leave Act

In 1993, Congress enacted FMLA "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601(b)(1). The Act entitles eligible employees to twelve unpaid workweeks of leave during "any 12–month period." *See id.* § 2612(a)(1). To be eligible, however, an employee must be suffering from a "serious health condition" that "makes the employee unable to perform the functions of [his or her] position," and must have worked at least 1,250 hours during a twelve-month period prior to taking leave. *See id.* §§ 2611(2), 2612(a)(1)(D). Employees who meet these requirements and take FMLA leave are entitled to reinstatement

---

a miscarriage and the subsequent dilatation and curettage (D & C) procedure—the enlargement of the cervix followed by the scraping and cleansing of the uterine lining—or from a cesarean section pregnancy.

2. 49 U.S.C. § 1612(a). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I.CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I.CODE ANN. tit. 1).

to their position or an equivalent position upon their return. *See id.* § 2614(a).

Banco Popular asserts that its actions did not violate FMLA and provides three grounds in support of its motion for summary judgment. First, it argues that Corcino did not suffer a serious health condition at the time of her dismissal. Second, Banco Popular contends that Corcino is not an eligible employee as defined by the FMLA. Finally, it asserts than Corcino's FMLA claim is barred by the Act's two-year statute of limitations. I need only address the first two grounds.

## 1. Plaintiff Suffered a Serious Health Condition

█ FMLA defines a "serious health condition" as an "illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611(11). In an effort to clarify what a "serious health condition" is, Congress has stated that

> [t]he term "serious health condition" is not intended to cover short-term conditions for which treatment and recovery are very brief. It is expected that such conditions will fall within even the most modest sick leave policies. Conditions or medical procedures that would not normally be covered by the legislation include minor illnesses which last only a few days and surgical procedures which typically do not involve hospitalization and require only a brief recovery period. Complications arising out of such procedures that develop into "serious health conditions" will be covered by the act. It is intended that in any case where there is doubt whether coverage is provided by this act, the general tests set

forth in this paragraph shall be determinative.

.    .    .    .    .

Examples of serious health conditions include but are not limited to heart attacks, heart conditions requiring heart bypass of valve operations, most cancers, back conditions requiring extensive therapy or surgical procedures, strokes, severe respiratory conditions, spinal injuries, appendicitis, pneumonia, emphysema, severe arthritis, severe nervous disorders, injuries caused by serious accidents on or off the job, ongoing pregnancy, miscarriages, complications or illnesses related to pregnancy, such as severe morning sickness, the need for prenatal care, childbirth and recovery from childbirth. All of these conditions meet the general test that either the underlying health condition or the treatment for it requires that the employee be absent from work on a recurring basis or for more than a few days for treatment or recovery. They also involve either inpatient care or continuing treatment or supervision by a health care provider, and frequently involve both.

S.Rep. No. 3, 103d Cong., 1st Sess.1993, 1993 U.S.C.C.A.N 3, at 26–27. It is evident from this legislative history that Congress only intended FMLA to cover serious illnesses that last more than a few days and that minor illness should be covered by an employer's sick leave policy. I must, therefore, determine whether Corcino's diagnosis of pharyngitis is a serious health condition covered by FMLA.

To support its contention that pharyngitis is not a serious illness, Banco Popular relies on *Brannon v. OshKosh B'Gosh, Inc.*, 897 F.Supp. 1028 (M.D.Tenn.1995). After reviewing the above legislative history, the *Brannon* court noted that "upper respiratory infection, gastroenteritis and

pharyngitis seem more akin to 'minor illnesses which last only a few days,' something Congress sought to exclude from FMLA coverage." *Brannon,* 897 F.Supp. at 1035–36. Based on this statement, Banco Popular makes the conclusory determination that Corcino's illness was not covered by FMLA.

■ Defendant's revisionist reading of *Brannon,* however, is unpersuasive for it ignores that court's remaining analysis.[3] After making the above quote, the *Brannon* court went on to note that the Department of Labor has created regulations "necessary to carry out" the Act. *See id.* at 1036. These regulations state:

> For purposes of FMLA, "serious health condition" entitling an employee to FMLA leave means an illness, injury, impairment, or physical or mental condition that involves:
>
> (1) Inpatient care (i.e., an overnight stay) in a hospital, hospice, or residential medical care facility . . . or
>
> (2) Continuing treatment by a health care provider. A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
> (i) A period of incapacity (i.e., inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
> (A) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a

provider of health care services (e.g. physical therapist) under orders of, or on referral by, a health care provider; or

> (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

> . . . . .

> (b) . . . Under paragraph (a)(2)(i)(B), a regimen of continuing treatment includes, for example, a course of prescription medication (e.g., an antibiotic) or therapy requiring special equipment to resolve or alleviate the health condition (e.g., oxygen). A regimen of continuing treatment that includes the taking of over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not, by itself, sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

29 C.F.R. § 825.114. The *Brannon* court found that these regulations constituted a bright-line test for determining whether an illness was a "serious health condition." *See Brannon,* 897 F.Supp. at 1036. In particular, the *Brannon* court held, and I now adopt, that "[i]f an employee is (1) incapacitated for more than three days, (2) seen once by a doctor, and (3) prescribed a course of medication, such as an antibiotic, she has a 'serious health condition' worthy of FMLA protection." *Id.*

From the facts before me, it is clear that plaintiff's diagnosis of pharyngitis was a serious illness covered by FMLA. *See id.* at 1037. Corcino visited her doctor on

---

**3.** In fact, the *Brannon* court ultimately held that the plaintiff's daughter's contraction of pharyngitis was a "serious health condition"

under the FMLA. *See Brannon,* 897 F.Supp. at 1037.

March 9th and was told not to return to work until the 15th, well over the three-day threshold. Moreover, Corcino's doctor prescribed her antibiotics to treat her illness. Accordingly, I find that Corcino suffered a "serious health condition" under FMLA and will not grant defendant's motion for summary judgment on this ground.

### 2. Plaintiff Is Not An Eligible Employee

■ Banco Popular contends that Corcino is not an eligible employee as determined by section 2611(2), which states that FMLA-eligible employee must have worked at least 1,250 hours over the previous twelve-month period preceding the start of her leave. *See* 29 U.S.C. § 2611(2). To establish that an employee worked the requisite number of hours, an employer must provide an accurate account of the employees' hours according to the guidelines of the Fair Labor Standards Act, 29 U.S.C. § 206. If the employer fails to maintain an accurate record of an employee's hours, "the employer has the burden of showing that the employee has not worked the requisite hours. In the event the employer is unable to meet this burden, the employee is deemed to have met this test." 29 C.F.R. § 825.110(c). In an affidavit from its payroll analyst, Banco Popular provides evidence of its accounting procedures, which demonstrate that Corcino only worked 1,197 hours between March 9, 1993, and March 9, 1994 (the date of her leave). Thus, on its face, Corcino apparently fails to meet the 1,250 hour requirement to be eligible for FMLA.

In an effort to counter defendant's evidence, Corcino asserts that this Court must first determine whether Banco Popular is an successor-in-interest to CoreStates. The crux of Corcino's argument appears to be that Banco Popular unfairly restricted her hours to a twelve-month period while, at the same time, it cited her record of absences back to 1990. According to plaintiff, defendant "must count the same period of time that [Banco Popular] considered for citing [her] numerous absences." (Pl.'s Opp. to Mot. for Summ.J. at 8). Such a calculation, therefore, would permit Corcino to meet her 1,250 hour requirement.

Plaintiff's argument is meritless for it ignores the clear language of section 2611(2), which states that an employee must have worked at least 1,250 hours during the previous twelve month period. *See* 29 U.S.C. § 2611(2); *see also* 29 C.F.R. § 825.110(a)(2) ("An 'eligible employee' is an employee of a covered employer who: Has been employed for at least 1,250 hours of service *during the 12-month period immediately preceding the commencement of the leave*.") (emphasis added). As Corcino's leave started on March 9, 1994, Banco Popular only was required statutorily to compute her hours worked back to March 9, 1993. Under this computation, the defendant calculated her hours at 1,197, fifty-three hours short of the 1,250 minimum. Thus, Corcino fails to meet the definition of an "eligible employee" and her FMLA claim, therefore, must be dismissed with prejudice.[4] Moreover, in the absence of a federal claim, there is no reason to exercise this Court's jurisdiction under 28 U.S.C. § 1367 to hear the remainder of plaintiff's purely local claims against defendant and they will be dismissed without prejudice.

---

4. As I find that Corcino was an ineligible employee, I do not reach the issue of whether her claim is barred by FMLA's two-year statute of limitations for non-willful violations of the Act.

### III. CONCLUSION

Although plaintiff suffered a "serious health" condition,her failure to meet the 1,250 hour requirement as mandated by FMLA necessitates granting summary judgment in favor of the defendant. Therefore, I will dismiss plaintiff's complaint.

### ORDER

For the reasons set forth in the foregoing Memorandum of even date, it is hereby

**ORDERED** that defendant's motion for summary judgment (Docket No. 49) is **GRANTED;** and it is further

**ORDERED** that the complaint is **DISMISSED.** The Clerk shall close the file.